**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDWARD LESTER, a/k/a Punkin,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:17-cr-00195-2)

Submitted:  May 28, 2020                                      Decided:  June 9, 2020

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant.  Michael B. Stuart, United States Attorney, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Lester of arson conspiracy, in violation of 18 U.S.C. § 844(m) (2018), money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (2018), mail and wire fraud conspiracy, in violation of 18 U.S.C. §§ 1349, 1341, 1343 (2018), arson to commit wire fraud, in violation of 18 U.S.C. § 844(h)(1) (2018), aiding and abetting an unlawful monetary transaction, in violation of 18 U.S.C §§ 2, 1957 (2018), and structuring transactions, in violation of 31 U.S.C. §§ 5324(a)(3), (d) (2018). He received a 204-month sentence. On appeal, Lester claims that the district court erred in admitting evidence of a prior fire at a residence he owned (the "Wharncliffe fire"). We affirm.

Lester contends that the district court abused its discretion in admitting the Wharncliffe fire evidence. The district court admitted the evidence as intrinsic to the charged crimes. Alternatively, the district court determined that the evidence was admissible, pursuant to Fed. R. Evid. 404(b), as probative of Lester's motive, knowledge, and intent. Lester challenges the district court's admission of the Wharncliffe fire evidence as intrinsic to the fraud charges, and he argues that the story of the crime was complete in itself and that there was no need to introduce evidence of the Wharncliffe fire. Lester also argues that the prejudicial effect of the Wharncliffe fire evidence substantially outweighed any probative value it may have had to prove the criminal nature of the fires that occurred at properties owned by the coconspirators in Matoaka and Ikes Fork, West Virginia. The Government contends that the district court properly admitted the Wharncliffe fire evidence as direct evidence of the Matoaka and Ikes Fork schemes because the evidence was intrinsic to the charged conspiracies.

2

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). "Rule 404(b) allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017) (citing, *United States v. Wilson*, 624 F.3d 640, 651 (4th Cir. 2010)). However, Rule 404(b) "applies only to evidence of other acts that are extrinsic to the one charged. Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (alterations and internal quotation marks omitted). Evidence is intrinsic if it "is necessary to complete the story of the crime on trial." *Id.* (internal quotation marks omitted). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks omitted). And such evidence "is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting the Wharncliffe fire evidence as intrinsic to the charged conspiracies. This evidence laid the foundation for the arson and insurance fraud schemes, and it was necessary to complete the story of Lester's relationships with his coconspirators. Moreover, the Wharncliffe fire

3

evidence was "inextricably intertwined" with the charged arson conspiracies because the Wharncliffe fire was used as a "playbook" for the Matoaka and Ikes Fork fires. In fact, the Wharncliffe fire insurance claim contents list was overwhelmingly similar to those of the Matoaka and Ikes Fork fire claims. Finally, the court expressly prohibited the Government from making the inference that the Wharncliffe fire resulted from criminal activity.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*